**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOON DUK PARK,<br><br>                  Plaintiff,<br><br>v.<br><br>HEE NAM BAE, MYUNG SOO BAE a/k/a MYUNG SOO AHN, DAEKYUNG BAE, HOYLE LEE, JUNG WON PARK, MUN YOUNG YOO a/k/a TONY YOO, PRISCA LEIGH, JUNG HWA KIM a/k/a SOPHIA KIM, YOUNG TAI CHOI, KI SOOK CHOI, YOO LIM HWANG, DAEYUN LIM, BIG CONTINENT, INC., BIG PROPERTIES HANA, LCC, 2027 FIRST AVENUE, LLC, BKL CAPITAL, INC., ABC COMPANIES 1 THROUGH 10, and JOHN DOES AND JANE DOES,<br><br>                  Defendants. | Case: 2:15-cv-05265-SDW-SCM<br><br>**OPINION**<br><br>April 12, 2016 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss plaintiff Soon Duk Park's ("Plaintiff") Amended Complaint for lack of subject-matter jurisdiction pursuant to FEDERAL RULE OF CIVIL PROCEDURE ("Rule") 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) filed by defendants Hee Nam Bae ("Bae"), Myung Soo Bae a/k/a Myung Soo Ahn, Daekyung Bae, Hoyle Lee, Jung Won Park, Mun Young Yoo a/k/a Tony Yoo, Prisca Leigh, Jung Hwa Kim a/k/a Sophia Kim, Young Tai Choi, Ki Sook Choi, Yoo Lim Hwang, Daeyun Lim, BIG Continent, Inc. ("BIG"), BIG Properties Hana, LLC, 2027 First Avenue, LLC, and BKL Capital,

1

Inc. (collectively, "Defendants").  For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff claims to be a shareholder of BIG, a company she alleges is run by Bae. (Am. Compl. ¶¶ 1, 74.)  According to Plaintiff, Defendants carried out a scheme to defraud unsuspecting members of the Korean-American community in the Tri-State area by convincing them to invest in New York real estate through BIG. (*Id.* at ¶ 21.)  Plaintiff alleges that Bae and the remaining defendants conducted seminars and personal meetings where they misrepresented that BIG had $4,000,000 in capital, was targeting lucrative real estate projects in New York, and had already secured other investors, in an effort to induce Plaintiff and others to invest with BIG. (*Id.* at ¶¶ 22-37; Dkt. No. 1, Declaration of Soon Duk Park ("Park Decl.") ¶¶ 18-21.)

Plaintiff alleges that Bae failed to provide her with an investment agreement, bylaws, proof of incorporation, investor questionnaire, or details of the plan to purchase New York real estate. (Park Decl. ¶ 24.)  She also alleges that she invested $110,000 with BIG over a period of several years, but that her investment funds were not used to purchase real property in BIG's name.[1]  Instead, she contends, the funds were used to purchase property in the names of other corporate entities without informing investors. (Am. Compl. ¶¶ 38-40.)  When Plaintiff invested, she received BIG stock certificates reflecting her five separate investments—(i) two shares in Plaintiff's name on January 28, 2011, (ii) one share in the name of Jiho Lee on August 22, 2011, (iii) one share in the name of Guho Lee on August 22, 2011, (iv) nine shares in Plaintiff's name

---

[1] Regarding her investment, Plaintiff inconsistently claims (1) that she never received dividends or the return of her investment, (2) that she sold her interests at a price below market value, and (3) that she sold back some of her shares and received checks from BIG.  Plaintiff also incorrectly states that she attached her refund checks to her Declaration as Exhibit E. (Park Decl. ¶¶ 53, 71.)

on March 31, 2012, and (v) one share in Plaintiff's name on January 16, 2013.[2] (Dkt. No. 1, Ex. B.)

Plaintiff filed her Complaint on July 7, 2015. (Dkt. No. 1.) On the same day, this Court denied Plaintiff's application for injunctive relief, a temporary restraining order, and an asset freeze. (Dkt. No. 3.) On August 14, 2015, Defendants moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. No. 4.) On September 3, 2015, Plaintiff filed both a brief in opposition to the motion and an Amended Complaint.[3] (Dkt. Nos. 6-7.) The filing of the Amended Complaint rendered Defendants' motion moot, and the motion to dismiss was withdrawn without prejudice. (Dkt. No. 8.)

The Amended Complaint alleges fifteen counts. Against all defendants, Plaintiff alleges violations of §§ 12(a)(2) and 17(a) of the Securities Act of 1933 (the "1933 Act") (Counts One and Two, respectively), conspiracy to defraud by false representation (Count Four), fraud (Count Five), embezzlement (Count Seven), conversion (Count Eight), unjust enrichment (Count Nine), interference with prospective economic advantage (Count Eleven), violation of New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO"), N.J.S.A. § 2C:41-1, et seq. (Count Thirteen), conspiracy to violate NJ RICO (Count Fourteen), and violation of New Jersey Consumer Fraud Act ("NJCFA") (Count Fifteen). (Am. Compl. ¶¶ 61-72, 77-84, 89-96, 116-126.) Against all individual defendants, Plaintiff alleges aiding and abetting fraud (Count Six). (*Id.* at ¶¶ 85-88.) Against Bae, Plaintiff alleges violation of § 15(a) of the 1933 Act (Count Three) and shareholder oppression (Count Twelve). (*Id.* at ¶¶ 73-76, 107-115.) Against Bae, Hoyle Lee,

---

[2] Plaintiff asserts that she has bought two shares since January 2013, but this contention is not supported by Plaintiff's attached stock certificates (Dkt. No. 21 at 7; Dkt. No. 1, Ex. B.)

[3] Plaintiff's Amended Complaint adds two new paragraphs, (¶¶ 29 and 30), which allege that Bae used written materials to induce investors, and one new cause of action against Bae for a violation of § 15(a) of the Securities Act of 1933 (Count Three), (¶¶ 73-76).

Daekyung Bae, Jung Won Park, and Young Tai Choi, Plaintiff alleges breach of fiduciary duty (Count Ten). (*Id.* at ¶¶ 97-101.)

Defendants filed the pending Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on October 9, 2015. (Dkt. No. 17.) Plaintiff filed her opposition on November 2, 2015, and Defendants filed their reply on November 9, 2015. (Dkt. Nos. 21, 23.)

**LEGAL STANDARD**

*Rule 12(b)(6)*

Defendants move to dismiss the federal claims under Rule 12(b)(6). Pursuant to Rule 8(a)(2), an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Rule 12(b)(1)*

Defendants move to dismiss the state law claims for lack of subject matter jurisdiction under Rule 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n. 4 (3d Cir.2011) (*citing Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)). In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005) (*citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

## DISCUSSION

### *Sections 12(a)(2) and 15(a) Claims (Counts One and Three, respectively)*

To state a claim under § 12(a)(2) of the 1933 Act, a plaintiff "must allege that [she] purchased securities pursuant to a materially false or misleading 'prospectus or oral communication.'" *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 273 (3d Cir. 2004) (*quoting* 15 U.S.C.A. § 77*l*). In *Gustafson v. Alloyd Co.*, in order to construe the term consistently throughout the 1933 Act, the Supreme Court defined "prospectus" as used in § 12(a)(2) to have the same meaning as "prospectus" as used in § 10 of the 1933 Act, which is a document that "contain[s] the information contained in the registration statement." 513 U.S. 561, 568-69 (1995) (*quoting* 1933 Act § 10(a), 15 U.S.C § 77j(a)). This "information contained in the registration statement" refers to, *inter alia*, the names and addresses of the directors and underwriters, a statement of the capitalization of the issuer, the amount of capital stock of each class issued, the amount of the funded debt outstanding, the estimated net proceeds to be derived from the security, the price at which the security is to be offered, a balance sheet, and a profit and loss statement of the issuer. *See* 1933 Act Sched. A-B, 15 U.S.C § 77aa. Because of these requirements, the

Supreme Court stated that "[i]n sum, the word 'prospectus' is a term of art referring to a document that describes a public offering of securities by an issuer or controlling shareholder" and does not include "every casual communication between buyer and seller."[4] *See Gustafson*, 513 U.S. at 578, 584. *See also Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682 (3d Cir. 1991) ("Section 10 of the 1933 Act, 15 U.S.C. § 77j, . . . clearly ties a prospectus with registration statements filed with the Securities [and] Exchange Commission.").

Here, Plaintiff provides conclusory statements and a recitation of § 12(a)(2). Plaintiff fails to allege sufficient facts to support a finding that Defendants sold securities by means of a materially false or misleading prospectus. (*See* Am. Compl. ¶ 62.) Plaintiff's two references to "written materials" in ¶¶ 29-30 of her Amended Complaint do not allege that the written materials were a prospectus, do not allege that the written materials contained the type of information required by a registration statement, and do not identify a single materially false statement or omission of material fact in the written materials. Nor do the written materials attached by Plaintiff include any information that could be reasonably construed as indicating a prospectus. (*See* Dkt. No. 21, Ex. A.) For these reasons, Plaintiff has failed to state a claim for which relief can be granted and Count One is dismissed.[5]

---

[4] The Supreme Court also noted that "the Courts of Appeals agree that the phrase 'oral communication' is restricted to oral communications that relate to a prospectus." *Gustafson*, 513 U.S. at 567-68 (citing *Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682 (3d Cir. 1991) and *Pac. Dunlop Holdings Inc. v. Allen & Co. Inc.*, 993 F.2d 578, 588 (7th Cir. 1993)). Because this Court finds that Plaintiff did not sufficiently allege that she received a prospectus, it need not reach the question of whether Defendants made materially false or misleading oral communications relating to a prospectus.

[5] Even if Plaintiff had adequately pled a violation of § 12(a)(2), the claim is nevertheless time-barred with respect to thirteen out of the fourteen stock purchases made by Plaintiff. Section 13 of the 1933 Act, 15 U.S.C § 77m, prohibits actions to enforce liability under § 12(a)(2) more than one year after discovery of the untrue statement or omission, or after such discovery should have been made with reasonable diligence (the statute of limitations), or more than three years after the security was sold (the statute of repose). The statute of repose is "absolute." *Del Sontro v. Cendant*

Plaintiff's § 15(a) claim falls with her § 12(a)(2) claim. Section 15 of the Securities Act provides for joint and several liability on the part of one who controls a violator of Section 11 or Section 12. 15 U.S.C. § 77o; *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, n. 14 (3d Cir. 2006).[6] Plaintiff merely alleges that Bae is liable for BIG's violation of § 12(a)(2) because Bae controlled BIG as its president and stock owner when the violations occurred. (*See* Am. Compl. ¶ 74.) However, to establish § 15(a) liability, a plaintiff must show both a violation of § 11 or § 12 *and* the defendant's control over the primary violator. 1933 Act § 15(a), 15 U.S.C § 77*o*(a). *See, e.g.*, *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284-86 (3d Cir. 2006); *Klein v. Gen. Nutrition Cos., Inc.*, 186. F.3d 338, 344 (3d Cir. 1999). Because this Court dismisses Plaintiff's § 12(a)(2) claim against BIG, and because Plaintiff has not alleged a violation of § 11, Plaintiff's § 15(a) claim against Bae (Count Three) is also dismissed.

### *Section 17(a) Claim (Count Two)*

Section 17(a) of the 1933 Act gives the Securities and Exchange Commission standing to bring suit against those who engage in fraudulent or deceptive practices to offer or sell securities

---

*Corp.*, 223 F. Supp. 2d 563, 570 (D.N.J. 2002) (citation omitted). Only Plaintiff's purchase of one share on January 16, 2013 occurred within the three years prior to her filing of her Complaint on July 7, 2015. (*See* Dkt. No. 1, Ex. B.)

[6] Section 15 provides:

> Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

15 U.S.C. § 77o.

in interstate commerce. *See* 15 U.S.C. § 77q. It does not, as Plaintiff contends, create a private right of action. Although the Supreme Court and Third Circuit have not ruled on the matter, New Jersey District Courts and other Circuit Courts have overwhelmingly rejected an implied private right of action under § 17(a). *See, e.g.*, *Sundholm v. eSuites Hotels LLC*, No. 3:14-cv-01996, 2014 WL 5449975, at *3 (D.N.J. Oct. 27, 2014) ("Although the Supreme Court and Third Circuit have not ruled on the question of whether § 17(a) creates a private cause of action, the clear majority of district courts in the Third Circuit have found that an implied right of action under § 17 does not exist." (quoting *Trustcash Holdings, Inc. v. Moss*, 668 F. Supp. 2d 650, 655 (D.N.J. 2009) (internal quotation marks omitted) (citation omitted))). *See also Finkel v. Stratton Corp.*, 962 F.2d 169, 175 (2d Cir. 1992) ("Courts of Appeals construing § 17(a) after *Aaron* [*v. SEC*, 446 U.S. 680 (1980),] have uniformly concluded that there is no private right of action. . . . Given . . . the lack of any evidence of Congressional intent to create a private right of action, and the overwhelming trend in our sister circuits, we conclude that there is no private right of action under § 17(a)." (citing cases from the 4th, 5th, 7th 8th, 9th, 10th, and 11th Circuits denying a private right of action)). Because a private right of action under § 17(a) of the 1933 Act does not exist, Plaintiff's § 17(a) claim against Defendants (Count Two) is dismissed.

### *State Law Claims (Counts Four to Fifteen)*

Counts four to fifteen assert state law causes of action and are premised on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because this Court finds that Counts one to three of the Amended Complaint fail to state a claim, there is no federal question jurisdiction under 28 U.S.C. § 1331. Therefore, Counts four to fifteen are dismissed for lack of subject matter jurisdiction under 12(b)(1).[7]

---

[7] Plaintiff did not address Defendants' 12(b)(1) argument.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss the Amended Complaint is **GRANTED** as to all Counts.  An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:	Clerk
cc:	Steven C. Mannion, U.S.M.J.
	Parties